### UNITED STATES of America, Plaintiff—Appellee,

v.

### John Harlan HOFFER, Jr., Defendant—Appellant.

No. 07–10416.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 20, 2008.

Sue P. Fahami, Esq., Office of the U.S. Attorney, Reno, NV, Robert L. Ellman, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Fredilyn Sison, Michael K. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

John Harlan Hoffer appeals the sentence imposed upon revocation of his supervised release. He contends that the district court erred in imposing a special condition of supervised release allowing warrantless searches. We have jurisdiction under 28 U.S.C. 1291, and we affirm.

The special condition requires that Hoffer "shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of supervised release."

We recently upheld the imposition of a condition of supervised release requiring that "the defendant shall submit person and property to search and seizure at any time of the day or night by any law enforcement officer, with or without a warrant." *United States v. Betts,* 511 F.3d 872, 876 (9th Cir.2007) (citing *Samson v. California,* 547 U.S. 843, 126 S.Ct. 2193, 2202, 165 L.Ed.2d 250 (2006)).

Hoffer argues that the district court nonetheless erred in imposing the special condition on him because it will not advance the success of his supervision. We

disagree; the district court did not abuse its discretion in imposing the condition in light of Hoffer's "history" of violating multiple other conditions of supervised release. *See id.*

### AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

